UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-20256-CR-UNGARO/O'SULLIVAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL T. ALBERT,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Superceding Petition for Offender Under Supervision (DE# 149, 6/19/07). This Matter was referred to the undersigned by the Honorable Ursula Ungaro, United States District Court Judge for the Southern District to take all necessary and proper action as required by law, including but not limited to an evidentiary hearing, with respect to whether or not the defendant's supervised release/probation should be revoked (DE # 159, 8/10/07). Having reviewed the applicable filings and the law and having heard from the defendant, defendant's counsel, United States Probation and the government at a hearing on November 19, 2007, it is recommended that the defendant's supervised release be **REVOKED**. It is further recommended that violation seven (7) be **DISMISSED**.

## BACKGROUND

On October 14, 2005, after being convicted of conspiracy to defraud the United States Department of Treasury, Internal Revenue Service, by obtaining payment of

fraudulent income tax refund claims in violation of 18 U.S.C. § 286, the defendant was sentenced to five months imprisonment followed by three (3) years supervised release. See Superceding Petition for Offender Under Supervision (DE# 149 at 1, 6/19/07).

The defendant is charged with seven (7) violations of his supervised release as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | **Violation of Mandatory Condition**, by failing to satisfy the court-ordered restitution. On or about October 14, 2005, restitution in the amount of $14,083.00 was ordered by the Court, to be paid at the direction of the United States Probation Officer. On August 31, 2006, the defendant executed a waiver of hearing to modify conditions of supervised release and agreed to begin making payments of $150.00 per month to commence after discharge from residential substance abuse treatment on January 2, 2007, and to date has failed to comply with the agreement and is currently four (4) months in arrears, in the amount of $600.00. |
| 2. | **Violation of Standard Condition**, by failing to submit a truthful and complete written monthly report within the first five (5) days of each month. The defendant has failed to submit a written monthly report for the months of January 2007 and February 2007. |
| 3. | **Violation of Standard Condition**, by failing to refrain from excessive use of alcohol. On or about March 10, 2007, the defendant submitted to a positive urinalysis for use of alcohol, as confirmed by Scientific Testing Laboratories, Inc. |
| 4. | **Violation of Special Condition**, by failing to participate in the Home Detention Electronic Monitoring Program. On or about March 10, 2007, the defendant had an approved schedule to be out of his residence at 6:48 p.m. with instructions to return within 20 minutes; however, the defendant remained out of his approved residence all evening and did not return as directed. |
| 5. | **Violation of Special Condition**, by failing to participate in the Home Detention Electronic Monitoring Program. On or about May 11, 2007, the defendant had an approved schedule to return home from his scheduled activity at 5:30 p.m. However, the defendant did |

|      |                                                                                                                                                                                                                                                                                                                                                                                                                           |
|------|---|

             not return to his residence until approximately 4:02 a.m. on May 12, 2007.

6.      **Violation of Standard Condition**, by failing to follow the instructions of the probation officer. On April 2, 2007, the defendant was instructed by United States Probation Officer Michael Parrish, at the Hollywood Probation Office, to have a seat in the office lobby and wait for further instructions, after submitting an adulterated urinalysis. However, the defendant failed to adhere to said instruction and left the office.

7.      **Violation of Mandatory Condition**, by adulterating a urinalysis. On or about April 2, 2007, the defendant was instructed to submit to drug testing. While observing the submission of the urine specimen, the defendant was observed by United States Probation Officer Michael Parrish pouring urine from a medicine bottle into the collection bottle. The defendant was instructed to produce the medicine bottle and failed to do so.

On November 19, 2007, the defendant Michael Albert, while represented by counsel, waived his right to an evidentiary hearing and admitted to violations one (1) through six (6). The defendant, defense counsel and the government agreed to dismiss violation seven (7).

## RECOMMENDATION

The undersigned recommends that the defendant's supervised release be **REVOKED** based on the defendant's admission to violations one (1) through six (6). It is further recommended that violation seven (7) be **DISMISSED**.

The parties have ten (10) days from the receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Ursula Ungaro, United States District Court Judge. Failure to file the objections in a timely manner shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert.

3

denied, 488 U.S. 958, 109 S.Ct. 397 (1988).

  RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this **19th** day of November, 2007.

            _____
            JOHN J. O'SULLIVAN
            UNITED STATES MAGISTRATE JUDGE

Copies to:
Honorable Judge Ungaro
All Counsel of Record
Irma Botana, US Probation Officer